**WEN XU, also known as Jian Feng Xu, Jianqiu Chen, also known as Jian Qiu Chen, Petitioners,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–0715–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

**54**

---

Jan Potemkin, New York, New York, for Petitioners.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Judy K. Hunt, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Wen Xu and Jianqiu Chen, married citizens of the People's Republic of China, seek review of a January 26, 2006, order of the BIA affirming the September 9, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Xu's application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Wen Xu a.k.a Jian Feng Xu, Jianqiu Chen a.k.a Jian Qiu Chen,* Nos. A95 378 049, A97 485 549 (B.I.A. Jan. 26, 2006), *aff'g* Nos. A95 378 049, A97 485 549 (Immig. Ct. N.Y. City Sept. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's entire decision, including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, substantial evidence does support the IJ's finding that Chen's medical records contradicted the couple's testimony, indicating she had only ever been pregnant twice in her life. These discrepancies are fundamental to Xu's claim, and not tangential as he suggests in his brief. In addition, although Chen explained she thought that her doctor had asked her how many live-birth pregnancies she had experienced, and then later stated that she did not answer the doctor's questions at all, the IJ reasonably rejected these explanations, where (1) the medical records include documentation from an examination that occurred *before* the birth of the couple's second child, undermining Chen's statement that she thought the doctor was referring to live-birth pregnancies, (2) the questions on the antepartum form are not left blank and (3) as the IJ noted, "the reproductive history of the respondent

would be critical to the doctor" who was unlikely to "simply accept that the respondent would not answer those questions."

Further, a reasonable adjudicator would not be compelled to overturn the IJ's finding that the medical records contradicted Xu's statements, where the records indicate that Chen had never had an abortion. Although Chen attempted to explain that she did not inform her obstetrician in the United States that she had undergone two abortions in China because she did not want to mention "something that's not happy" while she was pregnant, the IJ and BIA reasonably rejected these explanations as inadequate. In addition, because these discrepancies are sufficiently dramatic, we confidently predict that the IJ would have reached the same result absent any errors in the adverse credibility determination. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 108 (2d Cir.2006).

Although the BIA did not address the issue of Xu's claimed fear of sterilization on account of his U.S.-born second child, substantial evidence supports the IJ's finding that neither Xu nor Chen presented sufficient evidence that they feared the Chinese government would discover that they had given birth to a second child and therefore seek to sterilize them. The IJ reasonably found that the couple's expressed reasons for not wanting to send their son to China (i.e., because he was cute and would be missed) undermined any alleged fear of persecution.

Finally, because Xu did not raise a CAT claim before the BIA, we deem the claim to be unexhausted and do not review it. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).